UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                    v.                              **DECISION AND ORDER**
                                                    09-CR-198S

RICHARD S. PICCOLI,

                              Defendant.


      As part of his sentence for engaging in mail fraud and attempting to defeat federal income tax laws in violation of 18 U.S.C. § 1341 and 26 U.S.C. § 7201, respectively, this Court ordered Defendant Richard S. Piccoli to pay $23,947,974.20 in restitution. (Amended Judgment, Docket No. 69.)  Presently before this Court is the government's motion to authorize payment of restitution from monies held in Piccoli's inmate trust account.  (Docket No. 108.)  For the reasons that follow, the government's motion is granted.

      As of October 23, 2015, Piccoli had a balance of $2,136.04 in his inmate trust account.  (Accounting of Inmate Trust Account, Docket No. 113-1.)  A bit more than one-third of that balance ($790.44) is derived from Piccoli's Veteran's Administration disability benefit payments, which the government concedes are exempt from collection under 38 U.S.C. § 5301 (a)(1) and (b).[1]  The government therefore seeks an order authorizing it to collect $1,345.60 from Piccoli's inmate trust account to apply toward his restitution obligation.

---

[1]Piccoli received a lump-sum payment of $524.12 and additionally receives monthly payments of $66.58.  (Accounting of Inmate Trust Account, Docket No. 113-1.)

An order of restitution imposed under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, et seq., as here, serves as a lien in favor of the United States on all property and rights to property held by the defendant.  See 18 U.S.C. § 3613 (c); 18 U.S.C. § 3613 (f).  The government is entitled to enforce its lien "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613 (a).  Under 18 U.S.C. § 3664 (n), any person obligated to pay restitution who receives substantial resources from any source during a period of incarceration "shall be required to apply the value of such resources to any restitution . . . still owed."  The government may enforce restitution orders by any "available and reasonable means."  18 U.S.C. § 3664 (m)(1)(A)(ii).

Here, Piccoli has received substantial resources beyond his non-exempt disability payments in the amount of $1,345.60.  Piccoli does not challenge the government's entitlement to these funds for restitution, other than to note that his monthly disability payments are exempt from collection, which the government concedes.  Indeed, this Court finds that the government is entitled to collect its restitution lien on these funds. Consequently, the government will be authorized to collect $1,345.60 from Piccoli's inmate trust account to be applied toward restitution.  The government may not collect any portion of Picolli's exempt disability payments.  See 38 U.S.C. § 5301 (a)(1) and (b).

IT HEREBY IS ORDERED, that the government's Motion to Authorize Payment from

Inmate Trust Account (Docket No. 108) is GRANTED.

FURTHER, that the government is authorized to collect $1,345.60 from Defendant's

inmate trust account to be applied toward his restitution obligation.

SO ORDERED.


Dated:        November 17, 2015
              Buffalo, New York



                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

3